[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the Mountain Brook Owner's Association (Mountain Brook), filed a complaint on January 6, 1994, alleging that the defendant, Sally Saldamarco, failed to pay the property owner's association her "proportionate share of maintaining" the property. Agreement between The Mountain Brook Property Owner's Association; Modification of the Agreement. On January 28, 1994, the plaintiff filed a demand for disclosure of defense. On March 4, 1994, the defendant complied. On April 18, 1994, the plaintiff moved to strike the disclosure of defense. On August 26, 1994, the defendant filed an objection to the plaintiff's motion to strike.
"Whenever a party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or . . . the legal sufficiency of any answer . . . or any part of that answer including any special defense . . . that party may do so by filing a motion to strike." Practice Book § 152. "A disclosure of defenses is not one of the enumerated pleadings which may be tested by a motion to strike pursuant to Practice Book 152." Fairfield TrustCo. v. Malloy, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0120289 (April 18, 1994, Karazin, J. (denying a motion to strike a disclosure of defenses while noting that special defenses themselves may be stricken).
In a recent case, the defendant "did not assert a special CT Page 10381 defense, but disclosed a defense." Dohn v. Simone,9 Conn. L. Rptr. 425 (July 20, 1993, Lewis, J.). The Court could not "pass summarily on the validity or legal sufficiency of the proposed defenses offered in the disclosure of defense." Id. "[A] motion to strike is not the proper vehicle to test the sufficiency of the disclosure of defenses." Id. A motion to strike a disclosure of defenses is procedurally incorrect. Id.
Mountain Brook's motion to strike Saldamarco's disclosure of defense is procedurally incorrect and is therefore denied.
Donald W. Celotto State Trial Referee